## In re MAHONEY'S ESTATE.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. PLEADING—VERIFICATION—OBJECTION NOT MADE BELOW.

Objection to the verification of a petition, that it does not appear to have been sworn to before the surrogate—the jurat, to which was the signature of the surrogate, reciting merely, "Subscribed to before me"— cannot be made for the first time on appeal.

2. SAME—VERIFICATION BY ATTORNEY.

An affidavit of verification of a petition by an attorney, showing that all the papers are in his hands, that he is more familiar than petitioner with the facts, and that they are such as must have been almost entirely, if not wholly, in his personal knowledge, sufficiently shows why verification was not by petitioner.

3. SURROGATES' COURTS—DIRECTING PAYMENT BY ADMINISTRATOR.

Under the general power given the Surrogate's Court by Code Civ. Proc. § 2472, subd. 4, to enforce distribution of decedents' estates, and payment by administrators of money belonging thereto, where judgment is obtained against an administrator, and execution thereon issues from the Supreme Court, on order obtained from the surrogate under section 1825, which order, being unappealed from, section 2552 makes conclusive that the administrator has funds applicable thereto, and the execution is returned nulla bona, the Surrogate's Court may direct payment of the sum by the administrator; section 2555 authorizing contempt proceedings only in case of decrees primarily to be enforced by execution from the Surrogate's Court, or directing affirmatively some act by the administrator.

Appeal from Surrogate's Court, Sullivan County.

In the matter of the estate of Patrick Mahoney, deceased. From an order or decree of the surrogate directing Mary Mahoney, administratrix of deceased, to pay Charles H. Stage, attorney for William Jones, $135.60, she appeals. Affirmed.

See 75 N. Y. Supp. 1056.

In an action in the Supreme Court in which Mary Mahoney, as administratrix of Patrick Mahoney, deceased, was plaintiff, and William Jones was defendant, judgment was recovered by William Jones against Mary Mahoney, as administratrix, etc., for the sum of $297.03, and the same was docketed in the clerk's office of Sullivan county. A transcript of said judgment was presented to Mary Mahoney, as administratrix, and payment demanded, which was refused. Application was then made by Jones, as a creditor of the estate, under section 2722 of the Code of Civil Procedure, for a decree compelling the payment of the claim. This application was denied upon the ground that the petitioner was not a creditor within the meaning of that section. Thereafter application was made, under section 1825 of the Code of Civil Procedure, for leave to issue execution against said estate. This application was granted, and leave to issue execution in the sum of $135.60 was given to the respondent. That execution was issued, and returned nulla bona. Thereupon this application was made for a decree directing payment by the administratrix of the sum of $135.60. This application was granted, and from the order or decree entered thereupon this appeal has been taken.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

John D. Lyons, for appellant.
Charles H. Stage, for respondent.

¶ 1. See Pleading, vol. 39, Cent. Dig. §§ 1416, 1417.

SMITH, J.   This application was opposed in the Surrogate's Court upon two grounds only:   First. That the surrogate had no jurisdiction of the proceedings, as the petitioner was not a creditor, within the purview of the statute, and the proceeding was one to enforce in Surrogate's Court a judgment of the Supreme Court; that the relief was equitable, and not within the jurisdiction of the court. Second. That the petition was not properly verified, in that it was made by the attorney for William Jones, without properly stating why it was not verified by Jones himself.

Considering first the second objection:   The brief of the appellant criticises the verification of the petition, in that it does not appear to have been sworn to before the surrogate.   The jurat reads simply that it was "subscribed to befŏre me this 26th day of May, 1902," to which was the signature of the surrogate.   If that objection had been made at the hearing, it could then have been easily obviated. The objection to the verification at the hearing did not include this criticism as one of the grounds thereof, but was that the attorney had not stated sufficient grounds why the verification was made by himself, and not by the petitioner.   As long as this ground is not insisted upon upon this appeal, it is hardly worth while to discuss this objection at any length.   The affidavit of verification shows that all the papers are in the hands of the attorney, and that he is more familiar with the facts than is the petitioner himself.   The facts recited in the petition show that they are such as must have been almost entirely, if not wholly, within the personal knowledge of the attorney.   We think the surrogate properly overruled this objection.

The other objection raised presents greater difficulty.   Under section 1825 of the Code of Civil Procedure, the petitioner was given the right to make application for leave to issue execution.   Upon his application an accounting was had, and by the final order or decree it was determined that there were certain funds applicable to the payment of the petitioner's judgment, and, to the extent of the funds so applicable, execution might issue.   No appeal was taken from that order.   By section 2552 of the Code, this order or decree is made conclusive of the fact that the executor or administrator has such funds.   By the wrongful act of the administratrix, who has concealed or disposed of the property, the execution has been returned unsatisfied.   The administratrix now frankly objects that there is no power in the court to compel her to pay this sum.   If this be true, there has been a serious omission in the statute, by which the administratrix has been allowed to profit by her own wrong.

This application for leave to issue execution was a special proceeding.   It was instituted upon petition by an order to show cause, upon the return of which an accounting was necessarily had.   Upon that accounting the Surrogate's Court determined what was the interest of the petitioner in the funds of the estate in the hands of the administratrix.   The determination of the surrogate upon that proceeding resulted in what may be called either a final order or decree, under section 2550 of the Code of Civil Procedure.   By section 3246 of the Code, this judgment is exclusively chargeable and collectible from the estate represented by the administratrix.   By subdivision 4

of section 2472 of the Code, the Surrogate's Court has general juris-
diction, in addition to the powers conferred upon the surrogate by
special provision of law, "to enforce payment of debts and legacies,
the distribution of estates of decedents and the payment or delivery
by executors and administrators and testamentary trustees of money
or other property in their possession belonging to the estate." We
are unable to find any special provision of law giving to the sur-
rogate jurisdiction to enforce payment of these moneys by proceed-
ings for contempt. The provisions of section 2555 refer to decrees
which in terms direct payment of moneys which are primarily to be
enforced by execution from the Surrogate's Court, or directing af-
firmatively some act by the administratrix. This decree simply au-
thorizes the issuance of an execution from the Supreme Court. With-
in the general power, however, to enforce the distribution of estates
of decedents, and the payment by executors and administrators of
moneys belonging to the estate, the court should not deny relief to
the petitioner, the payment of whose claim has been evaded by the
wrongful act of the administratrix. If the judgment or decree di-
recting the payment of the money had been rendered in the Sur-
rogate's Court, and execution had been returned unsatisfied, that de-
cree would be enforced by a proceeding for contempt, under section
2555 of the Code. The relief asked for by the petitioner herein
should, we think, be reached by a like proceeding, and the obligation
of the administratrix to pay the petitioner be thus enforced. The
final order of the Surrogate's Court should therefore be affirmed,
with costs against the administratrix personally.

Final order of surrogate affirmed, with $10 costs and disbursements against
administratrix personally. All concur.